### Mary J. Corbett *v.* D. W. Johnson's Admr.

[Abstract Kentucky Law Reporter, Vol. 6—596.]

**Interest Paid By Trustee.**
> If a personal representative has accounted for interest collected on notes, he can not be made to pay double interest by being compelled to pay interest on the share of the widow.

### APPEAL FROM WARREN CIRCUIT COURT.

February 5, 1885.

Opinion by Judge Pryor:

This case has been heretofore in this court and on its return was referred to the commissioner for settlement and his report is now the subject of attack. The amount of the notes as we find reported in the settlement are given the amount of each note in the aggregate without saying how much interest was collected or when the notes were due. Amount received on the Ragland note is fixed at $1,470; on the Roberts note at $2,024.43. The presumption must be indulged that interest was charged to the personal representative on these notes and whether collected within two years after their qualification or on the day of settlement does not appear but if they have accounted for the interest on the notes as collected from the debtor they can not be made to pay double interest by being compelled to pay interest on appellant's share. The exception is, that they should account for interest on the share of the widow. There is nothing in the report or record to show that they have failed to

account for the interest. Besides this whole estate was thrown into confusion and the settlement delayed by the contract between the widow and the heirs. Large sums of money were expended in that litigation by the administrators under the belief that it was their duty to enforce its terms. Their claims for money expended were all disallowed and properly, but still there are equitable features connected with the case that entitle the claim of the personal representatives to some consideration by the chancellor. The widow has received her distributable share except an interest in some uncollected debts, all of which will be hereafter distributed by the court below. The value of her dower has been paid her as well as the value of the exempted property. And this was the full value or the equivalent of the consideration passing from her. The report is as near the equity of the case as can be reached for both parties.

The judgment is *affirmed* on both the original and cross appeals.

*John W. Galloway, for appellant.*

*Wright & McElroy, for appellees.*